REQUESTED BY: Dear Senator:
You have asked us the following question: Since specific dates were used in LB 33, is not the Legislature required to appropriate forty million dollars for fiscal year 1978-1979 in order to make effective the vote of the people on LB 33 in the pending referendum?
You state in your letter that the Legislature, in adopting LB 33, provided that the Legislature was to appropriate forty million dollars for the period July 1, 1978, to June 30, 1979. See, section 7(4) of LB 33. You also state that should the referendum uphold the implementation of LB 33, isn't that act of upholding LB 33 made ineffective if the Legislature fails to appropriate forty million dollars for that purpose.
You have referred to our Opinion No. 137, dated October 13, 1977, to Senators Koch and DeCamp. As we pointed out in that opinion, a general statement of the rule of law is that:
 ". . . [T]he Legislature is not precluded from acting in the area of school aid. However, any action taken by the Legislature which may interfere or make ineffective the referendum power reserved to the people would undoubtedly be found to be invalid and in violation of the Constitution."
As that opinion and other opinions of our office have pointed out, it is the prohibition against attempting to enact, amend, repeal or alter the substance of the matter to be voted upon by the people that is prohibited.
You ask whether the Legislature must appropriate the sum provided for in LB 33 for the 1978-79 year to avoid these prohibitions. The Constitution of the State of Nebraska provides in Article III, Section 22:
 "Each Legislature shall make appropriations for the expenses of the Government. . . ."
The Supreme Court, in construing this section, has held inRein v. Johnson, 149 Neb. 67, 30 N.W.2d 548 (1947), that continuing appropriations are improper. In light of the principles set forth above, it is clear that LB 33 cannot be read to require the appropriation of a specific sum. Such a reading would violate Article III, Section 22, and Rein.
Each Legislature, within constitutional limitations, is free to fund or not fund programs established by prior Legislatures. Conversely, a subsequent Legislature can undo that which has been done by a prior Legislature in the absence of any constitutional prohibition. Here we have no such constitutional prohibition.
The Legislature is neither required nor prohibited from appropriating forty million dollars for LB 33. Such an appropriation must, of course, be contingent upon approval of LB 33 by the voters. You are, of course, correct in saying that the failure to appropriate forth million dollars as called for in LB 33 should it be approved would make the act ineffective to that extent.
The vote cannot be characterized as a referendum on the specified level of state aid to schools. Rather, it is cast in terms of the method of distribution to school districts and the propriety of increasing the level of state aid. The specific level is a question to be addressed by each Legislature annually during the process of adopting a budget. Thus, even though LB 33 envisions the expenditure of ninety-five million dollars during 1978-79, it does not act as a guarantee that such sum will be appropriated.
If no referendum had been successfully mounted, the Legislature this year would have been free to establish any level of state aid it desired. The pending referendum cannot change that fact. It simply suspends the legislative authority with respect to the particular issue subject to referendum until the vote of the people has been held. Thus, the referendum only prohibits the expenditure, prior to vote, of funds above the preexisting and unchallenged level. Thus, the referendum defers legislative authority it does not eliminate that authority.